UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN GALE,<br><br>                              Plaintiff,<br><br>v.<br><br>WEST DEVELOPMENT C LLC and HALCYON MANAGEMENT GROUP LLC<br><br>                              Defendants. | 24 Civ. 6201<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff **JOHN GALE**, by his attorney, James E. Bahamonde, Esq. of the law firm of James E. Bahamonde, P.C., and for his Complaint against Defendants **WEST DEVELOPMENT C LLC** and **HALCYON MANAGEMENT GROUP LLC** alleges as follows:

### NATURE OF THE CASE

1.      This is a civil rights complaint for housing and disability discrimination in violation of Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (hereinafter "FHA"), New York State Human Rights Law, N.Y. Exec. Law § 296, *et seq.*, New York State Civil Rights Law 40-c, *et seq.,* and New York City Human Rights Law § 8- 107, *et seq*.

2.      Plaintiff **JOHN GALE** is paralyzed from the chest down and relies on a wheelchair for mobility. In July 2023, Mr. Gale requested from the defendants a reasonable accommodation to replace the bathtub in his bathroom and install a motorized door opener at the entrance of his apartment building. Due to his disability, Mr. Gale is also unable to safely transfer from his wheelchair to a shower bench in the bathtub, and *vice versa*. Further, because of his paralysis, Mr. Gale lacks finger dexterity and is unable to open the entrance door independently.

3.	In July, 2023, Defendants denied Mr. Gale's request to replace the bathtub and install a roll-in shower.

4.	Since making the request for the installation of a motorized door opener, Mr. Gale has repeatedly inquired about the status of its installation. Despite assurances from the Defendants' agents that "it's complicated" and "they are working on it," no installation has been completed to date.

5.	Accordingly, Plaintiff files the instant action against Defendants seeking to enjoin Defendants' discriminatory practices which violate the Fair Housing Act, New York State Human Rights Law, and New York City Human Rights Law.

6.	Plaintiff seeks a declaratory judgment, and equitable and injunctive relief for Defendants' housing and disability discrimination in violation of Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (hereinafter "FHA"), New York State Human Rights Law, N.Y. Exec. Law § 296, *et seq.*, and New York City Human Rights Law § 8- 107, *et seq*.

7.	Additionally, Plaintiff seeks compensatory damages against each Defendant for each violation of the FHA, New York State Human Rights Law, and New York City Human Rights Law.

8.	Plaintiff seeks punitive damages against each Defendant for their reckless and/or callous indifference to their rights under the Fair Housing Act, and New York State Human Rights Laws, and New York City Human Rights Law.

## JURISDICTION AND VENUE

9.	During all relevant times, Plaintiff is now, and at all times mentioned in this complaint, a resident in Brooklyn, New York.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, 28 U.S.C. § 2201, and 42 U.S.C. § 3613.

11. This Court has supplemental jurisdiction over the New York State and New York City causes of action pursuant to 28 U.S.C. § 1367.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events, or omissions, giving rise to this action, including the unlawful practices alleged herein, occurred within the District.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendants' principal offices are located in New York County.

## THE PARTIES

14. Plaintiff **JOHN GALE** is paralyzed from the chest down, and is unable to walk.

15. During all relevant times, Plaintiff **JOHN GALE** has been a resident of Kings County, New York.

16. During all relevant times, Plaintiff **JOHN GALE** has been a qualified tenant of an apartment located at 40 Oak St., Brooklyn, NY.

17. During all relevant times, Defendant **WEST DEVELOPMENT C LLC** has been a domestic limited liability company authorized by the Secretary of State of New York to do business in New York State with its principal County of business designated as Kings County, New York.

18. During all relevant times, Defendant **WEST DEVELOPMENT C LLC** has been the owner of the property located at 40 Oak St., Brooklyn, NY.

19. Upon information and belief, and during all relevant times, Defendant **WEST DEVELOPMENT C LLC** has retained Defendant **HALCYON MANAGEMENT GROUP LLC** to manage the multifamily apartment building located at 40 Oak St., Brooklyn, NY.

3

20. During all relevant times, Defendant **HALCYON MANAGEMENT GROUP LLC** has been a domestic limited liability company authorized by the Secretary of State of New York to conduct business in New York State, with its principal County of business designated as Kings County, New York.

21. During all relevant times, Defendant **HALCYON MANAGEMENT GROUP LLC** has been the management company of the multifamily apartment buildings owned by Defendant **WEST DEVELOPMENT C LLC** located at 40 Oak St., Brooklyn, NY.

22. During all relevant times, Defendant **HALCYON MANAGEMENT GROUP LLC** has managed the apartment of Plaintiff **JOHN GALE.**

## STATUTORY AND REGULATORY FRAMEWORK

23. Under the Fair Housing Act, New York State Human Rights Law, and New York City Human Rights Law a housing provider is required to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford persons with disabilities equal opportunity to use and enjoy a dwelling.

24. Under the FHA and New York State Human Rights Law, a housing provider must permit, at the expense of a disabled person, reasonable modifications of the premises occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises.

25. Whereas New York State Human Rights Law requires a housing provider to remove and pay for reasonable physical accommodations which exist in the common areas of a multifamily apartment development.

26. Unlike the Fair Housing Act and New York State Human Rights Law, under which housing providers are only required to permit, at the expense of a disabled person,

4

reasonable physical modifications of existing premises, New York City Human Rights Law requires all housing providers to be responsible for the cost of reasonable physical accommodations if it would enable a resident equal use and enjoyment of their housing unit, including common area.

27. To encourage owners of multifamily dwelling developments to be active supervisors of their subordinates, the Fair Housing Act, New York State Human Rights Law, and New York City Human Rights Law impose vicarious liability upon principals or employers for the acts of their agents or employees. As such, a principal is legally responsible for the acts, conduct, and statements of their agent.

28. The Fair Housing Act, New York State Human Rights Law, and New York City Human Rights Law prohibits discrimination in the terms, conditions, or privileges of a rental, or in the provision of services of facilities in connection with the sale of a dwelling because of disability, 42 U.S.C. § 3604(f)(2).

29. The New York City Human Rights Law (NYCHRL) mandates housing providers, including management companies, to engage in a cooperative dialogue with persons who request reasonable accommodations. The aim of this cooperative dialogue is to identify and provide the necessary accommodations.

## FACTUAL BACKGROUND

30. During all relevant times, Plaintiff **JOHN GALE** suffers from paralysis from the shoulders down. As such, he is substantially limited in standing, walking, maintaining his balance, and using his upper and lower extremities.

31. Due to his physical impairments, Mr. Gale lacks finger dexterity, has no use of his triceps, cannot stand, and has no trunk support. Consequently, he is unable to safely transfer onto

a shower bench and must shower while seated.

32. During all relevant times, Plaintiff's mobility impairments were obvious due to his use of a wheelchair.

33. Mr. Gale has had multiple in-person interactions with Defendants' agents.

34. In or around June 2023, Plaintiff entered into an annual proprietary lease with Defendant WEST DEVELOPMENT C LLC for an apartment in a multifamily apartment building located at 40 Oak St., Brooklyn, NY. The parties renewed the lease in April 2024.

35. In or around June 2023, Plaintiff requested a reasonable accommodation and modification to have a motorized door opener installed at the main entrance door of the multifamily apartment building. Since making the request, Mr. Gale has inquired about the status of its installation. In response, Defendants' agents have repeatedly said, "were working on it" and "it's complicated." To date, nothing has been installed.

36. In July 2023, Mr. Gale requested a reasonable accommodation from Defendants to replace his bathtub with a roll-in shower. The request was denied.

37. After being discharged from the rehab hospital in April 2024, Mr. Gale reiterated his request for a reasonable accommodation and modification to replace the bathtub with a roll-in shower and have a motorized door opener installed at the main entrance of the multifamily apartment building. In response to the roll-in shower, Defendants' agent again denied the request.

38. In response to the request to have a motorized door opener installed at the main entrance of the multifamily apartment building, Defendants agents repeatedly inform Mr. Gale "were working on it" or "will get back to you." However, like before, nothing has been installed.

39. During all relevant times, Defendants never engaged Mr. Gale in a cooperative dialogue to identify and provide the necessary accommodations.

6

## LEGAL CLAIMS

### FIRST CAUSE OF ACTION
### (Violations of the Fair Housing Act, 42 USC § 3604 et seq.)

40. Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint as if fully set forth herein.

41. During all relevant times, Plaintiff has had a handicap as defined in 42 U.S.C. § 3602(h).[1]

42. Plaintiff is an "aggrieved person" as defined in 42 U.S.C. §§ 3602(i) and 3613(a)(1)(A).

43. During all relevant times, Defendant **WEST DEVELOPMENT C LLC** has been the landlord to the multifamily dwelling development located at 40 Oak St., Brooklyn, NY. The development contains four or more units. As such, it is a covered multifamily dwelling as defined in U.S.C. § 3604(f)(7).

44. During all relevant times, Defendant **URBAN AMERICAN MANAGEMENT, LLC** has been the management company to the multifamily dwelling building located at 40 Oak St., Brooklyn, NY.

45. Defendants have discriminated against Plaintiff in the rental, or to otherwise make unavailable or deny a dwelling to Plaintiff because of disability in violation of 42 U.S.C. § 3604(f)(1).

46. Defendants have discriminated against Plaintiff in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with

---

[1] The Fair Housing Act Amendments ("FHAA") uses the term "handicap" rather than "disability." Both terms have the same legal meaning. *See Bradgon v. Abbott*, 524 U.S. 624, 631 (1998). This complaint uses the terms "disability" and "handicap" interchangeably. The term "disability" is more generally accepted.

such dwelling because of disability in violation of 42 U.S.C. § 3604(f)(2).

47. The defendants took adverse action against Mr. Gale by failing to respond to his repeated requests for a motorized door opener, failing or delaying maintenance or repairs, or limiting the use of privileges or services associated with a dwelling, as well as denying or limiting services or facilities in connection with a dwelling because of disability.

48. The adverse action against the plaintiff was motivated by Mr. Gale's disability.

49. Defendants have discriminated against Plaintiff by refusing to make reasonable accommodations in the rules, policies, practices, or services, when such accommodations are necessary to afford Plaintiff equal opportunity to use and enjoy a dwelling in violation of 42 U.S.C. § 3604(f)(3)(B).

50. The accommodations requested by Mr. Gale were reasonable and necessary to afford an equal opportunity to use and enjoy a dwelling.

51. Defendants knew or reasonably should have known of Mr. Gale's disability.

52. Defendants have discriminated against Plaintiff by refusing to permit, at the expense of the disabled person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises in violation of 42 U.S.C. § 3604(f)(3)(A).

53. Defendants have pursued their discriminatory practices for the purpose, and/or with the effect, of excluding individuals with physical disabilities from residing at Defendant's multifamily dwelling development.

54. As a direct and proximate result of Defendants' unlawful discrimination in violation of the Fair Housing Act, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, stress, headache and

attendant bodily injury, stomach-ache, digestive disorder, embarrassment, anxiety, loss of self-esteem and self-confidence, emotional pain, and otherwise sustained injuries.

55. As a direct and proximate result of Defendants' unlawful discrimination in violation of the Fair Housing Act, Plaintiff has been injured and has suffered lost housing opportunity.

56. Defendants' discriminatory actions were intentional, willful, and with reckless disregard for the rights of the Plaintiff. Defendants also knew of or ratified the discriminatory acts of its agents, ignored its duties under the law, or otherwise engaged in knowledgeable inaction. As a result, Plaintiff is entitled to punitive damages under 42 U.S.C. § 3613(c).

## SECOND CAUSE OF ACTION
(Violations of New York State Human Rights Law)

57. Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint as if fully set forth herein.

58. Plaintiff JOHN GALE and Defendants are "persons" as defined in New York State Executive Law § 292(1).

59. Plaintiff's apartment located at 40 Oak St., Brooklyn, NY is a "housing accommodation" as defined in New York State Executive Law § 292(10).

60. Defendant's multifamily dwelling located at 40 Oak St., Brooklyn, NY contains three or more separate housing accommodations.

61. Defendant's multifamily dwelling located at 40 Oak St., Brooklyn, NY is a "multifamily dwelling" as defined in New York State Executive Law § 292(12).

62. Plaintiff has a disability as defined in New York State Executive Law § 292(21).

63. Defendants have discriminated against Plaintiff, on the basis of disability, in the terms, conditions or privileges of rental or lease of any such housing accommodation or in the furnishing of facilities or services in connection therewith in violation of New York State

9

Executive Law §§ 296(5)(a)(2) and 296(5)(b)(2).

64. Defendants and their agents have aided, abetted, incited, compelled, or coerced the doing of any of the acts forbidden under New York State Human Rights Law, or attempted to do so in violation of New York State Executive Law § 296(6).

65. Defendants have discriminated against Plaintiff by refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations are necessary to afford Plaintiff equal opportunity to use and enjoy a dwelling in violation of New York State Executive Law § 296(18)(2).

66. As a direct and proximate result of Defendants' unlawful discrimination in violation of the New York State Executive Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, stress, headache and attendant bodily injury, stomach-ache, digestive disorder, embarrassment, anxiety, loss of self-esteem and self-confidence, emotional pain, and otherwise sustained injuries.

67. As a direct and proximate result of Defendants' unlawful discrimination in violation of the New York State Executive Law, Plaintiff has been injured and has suffered lost housing opportunity.

68. Defendants' discriminatory actions in violation of New York State Executive Law were intentional, willful, and with reckless disregard for the rights of the Plaintiff. Defendants also knew of or ratified the discriminatory acts of its agents, ignored its duties under the law, or otherwise engaged in knowledgeable inaction. As a result, Plaintiff is entitled to punitive damages under New York Executive Law § 297(10).

### THIRD CAUSE OF ACTION
### (Violations of New York City Human Rights Law)

69. Plaintiff realleges and incorporates by reference all of the allegations set forth in

this Complaint as if fully set forth herein.

70. During all relevant times, Plaintiff has had a disability as defined by New York City Human Rights Law, NYC Administrative Code § 8-102(16).

71. Plaintiff is a person as defined by New York City Human Rights Law § 8-102(1).

72. The apartment building where Plaintiff resides, is a "housing accommodation" as defined by New York City Human Rights Law § 8-102(10).

73. The accommodations requested by Plaintiff are "reasonable accommodation" as defined in New York City Human Rights Law, NYC Administrative Code§ 8-102(18).

74. Defendants have discriminated against Plaintiff because of actual or perceived disability in the terms, conditions, or privileges of the lease of a housing accommodation or an interest therein or in the furnishing of facilities or services in connection therewith, in violation of New York City Human Rights Law, NYC Administrative Code § 8- 107(5)(a)(1) (b).

75. Defendants have aided, abetted, incited, compelled and coerced the doing of acts forbidden under the Administrative Code, or attempted to do so in violation of New York City Human Rights Law, NYC Administrative Code § 8- 107(6).

76. Defendants have discriminated against Plaintiff for failing to make reasonable accommodation to enable Plaintiff, a person with a disability, to have equal opportunity to use and enjoy a dwelling in violation of New York City Human Rights Law, NYC Administrative Code § 8-107(15).

77. The requested accommodations would enable Plaintiff equal use and enjoyment of the right or rights in question.

78. The reasonable accommodation requested by Plaintiff does not impose an undue hardship.

11

79. Defendants have discriminated against Plaintiff for refusing or otherwise failing to engage in the cooperative dialogue within a reasonable time with Plaintiff who has requested an accommodation in violation of New York City Human Rights Law, NYC Administrative Code § 8-107(28)(c).

80. Defendants have failed to engage Plaintiff in a cooperative dialogue to discuss the reasonable accommodation requested within a reasonable time.

81. Defendants failed to provide Plaintiff with a written determination identifying any accommodation granted or denied.

82. As a direct and proximate result of Defendants' unlawful discrimination in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, stress, headache, stomach-ache, digestive disorder, embarrassment, anxiety, loss of self-esteem and self-confidence, emotional pain, and otherwise sustained injuries.

83. As a direct and proximate result of Defendants' unlawful discrimination in violation of the New York City Human Rights Law Plaintiff has been injured and has suffered lost housing opportunity.

84. Defendants' discriminatory actions were intentional, willful, and with reckless disregard for the rights of the Plaintiff. Defendants also knew of or ratified the discriminatory acts of its agents, ignored its duties under the law, or otherwise engaged in knowledgeable inaction. As a result, under New York City Human Rights Law § 700.29(A)(4), Plaintiff is entitled to punitive damages.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants as follows:

A. Plaintiff seeks declaratory judgment, declaring that the conduct of Defendants constitutes violations of the Fair Housing Act Amendments, New York State Human Rights Law, and New York City Human Rights Law.

B. Issue an injunction permanently enjoining Defendants' agents, employees, and successors, and all other persons in active concert or participation from discriminating on the basis of disability against any persons in violation of the Fair Housing Act of 1968, as amended, New York State Human Rights Law, and New York City Human Rights Law, including an injunction prohibiting the following:

(1) Disability discrimination in violation of the Fair Housing Act Amendments, New York State Human Rights Law, and New York City Human Rights Law;

(2) Aiding, abetting, coercing, intimidating and discriminating based on disability;

(3) Refusing to make a reasonable accommodations;

(4) Refusing to make a reasonable modification; and

(5) Refusing to engage in an interactive process within a reasonable time;

C. Permanent injunction requiring Defendants to:

(1) Make all necessary reasonable modifications to comply with fair housing laws;

(2) make all necessary reasonable accommodations to comply with fair housing laws;

13

    (3) Install a motorized door opener at the main entrance of the multifamily apartment building;

    (4) replace the bathtub with a roll-in shower and make the necessary modifications to the bathroom so that he has equal opportunity to use and enjoy his bathroom;

    (5) engage Mr. Gale in the cooperative dialogue within a reasonable time to determine the necessary accommodation;

    (6) provide Mr. Gale with a written determination identifying any accommodation granted or denied; and

    (7) train all management, agents, and employees on fair housing laws;

  D. Have the court retain jurisdiction over the Defendants until the Court is satisfied that their unlawful practices, acts and omissions no longer exist and will not reoccur.

  E. An award of actual, nominal, compensatory and punitive damages for Defendants' violation of the FHA and New York City Human Rights Law.

  F. Award such damages to Plaintiff to compensate for the injuries caused by Defendants' unlawful discrimination in violation of the Fair Housing Act;

  G. Award such damages to Plaintiff to compensate for the injuries caused by Defendants' unlawful practices in violation of New York State Executive Law;

  H. Award such damages to Plaintiff to compensate for injuries caused by Defendants' unlawful practices in violation of New York City Human Rights Law,

  I. Award punitive damages to Plaintiff for Defendants' violation of the Fair Housing Act, New York State Executive Law, and New York City Human Rights Law;

  J. Award Plaintiff reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action; and

K.    Grant Plaintiff such other further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial on the merits by jury pursuant to Fed. R. Civ. P. 38.

Dated: September 4, 2024

                            **LAW OFFICE OF JAMES E. BAHAMONDE, P.C.**

                By: _____
                        James E. Bahamonde
                        2501 Jody Court
                        North Bellmore, NY 11710-1940
                        Tel. (646) 290-8258
                        James@CivilRightsNY.com

                        *Attorneys for Plaintiff*