UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

JOHN GALE,

                             Plaintiff,

         -against-

WEST DEVELOPMENT C LLC and
HALCYON MANAGEMENT GROUP LLC,

                            Defendants.

Civ. No.: 1:24-cv-06201-LKE

---------------------------------------------------------------X

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

       Defendants WEST DEVELOPMENT C LLC and HALCYON MANAGEMENT GROUP LLC (hereinafter referred to as "Defendants"), by and through their attorneys, Jackson Lewis P.C., hereby submit the following Answer to Plaintiff's Complaint (the "Complaint") in connection with the above-captioned action.

## AS TO "NATURE OF THE CASE"

       1.     Defendants deny the allegations set forth in Paragraph "1" of the Complaint, except admits Plaintiff purports to bring this action pursuant to the statutes identified.

       2.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "2" of the Complaint.

       3.     Defendants deny the allegations set forth in Paragraph "3" of the Complaint.

       4.     Defendants deny the allegations set forth in Paragraph "4" of the Complaint.

       5.     Defendants deny the allegations set forth in Paragraph "5" of the Complaint, except admits Plaintiff purports to proceed as alleged therein.

6. Defendants deny the allegations set forth in Paragraph "6" of the Complaint, except admits Plaintiff purports to proceed as alleged therein.

7. Defendants deny the allegations set forth in Paragraph "7" of the Complaint, except admits Plaintiff purports to proceed as alleged therein.

8. Defendants deny the allegations set forth in Paragraph "8" of the Complaint, except admits Plaintiff purports to proceed as alleged therein

## AS TO "JURISDICTION AND VENUE"

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "9" of the Complaint.

10. Defendants deny the allegations set forth in Paragraph "10" of the Complaint, except state that Plaintiff purports jurisdiction is proper.

11. Defendants deny the allegations set forth in Paragraph "11" of the Complaint, except state that Plaintiff purports jurisdiction is proper.

12. Defendants deny the allegations set forth in Paragraph "12" of the Complaint, except state that Plaintiff purports jurisdiction is proper.

13. Defendants deny the allegations set forth in Paragraph "13" of the Complaint, except state that Plaintiff purports jurisdiction is proper.

## AS TO "THE PARTIES"

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "14" of the Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "15" of the Complaint.

16. Defendants deny the allegations set forth in Paragraph "16" of the Complaint.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "17" of the Complaint, except admits that West Development C LLC is a domestic limited liability company with its principal County of business designated as Kings County, New York.

18. Defendants admit the allegations set forth in Paragraph "18" of the Complaint.

19. Defendants admit the allegations set forth in Paragraph "19" of the Complaint.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "20" of the Complaint, except admits that Halcyon Management Group is a domestic limited liability company with its principal County of business designated as Kings County, New York.

21. Defendants admit the allegations set forth in Paragraph "21" of the Complaint.

22. Defendants admit the allegations set forth in Paragraph "22" of the Complaint.

## AS TO "STATUTORY AND REGULATORY FRAMEWORK"

23. The allegations in Paragraph "23" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

24. The allegations in Paragraph "24" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

25. The allegations in Paragraph "25" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

26. The allegations in Paragraph "26" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

27. The allegations in Paragraph "27" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

28. The allegations in Paragraph "28" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

29. The allegations in Paragraph "29" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent

that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

## AS TO "FACTUAL BACKGROUND"

30. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "30" of the Complaint.

31. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "31" of the Complaint.

32. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "32" of the Complaint.

33. Defendants deny the allegations set forth in Paragraph "33" of the Complaint.

34. Defendants deny the allegations set forth in Paragraph "34" of the Complaint.

35. Defendants deny the allegations set forth in Paragraph "35" of the Complaint.

36. Defendants deny the allegations set forth in Paragraph "36" of the Complaint.

37. Defendants deny the allegations set forth in Paragraph "37" of the Complaint.

38. Defendants deny the allegations set forth in Paragraph "38" of the Complaint.

39. Defendants deny the allegations set forth in Paragraph "39" of the Complaint.

**AS TO "LEGAL CLAIMS"**
**FIRST CAUSE OF ACTION**
**(Violations of the Fair Housing Act, 42 USC § 3604 et seq.)**

40. Defendants repeat and reallege their responses to Paragraphs "1" through "39" of the Complaint inclusive, as if set forth fully herein in response to Paragraph "40" of Plaintiff's Complaint.

41. The allegations in Paragraph "41" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

42. The allegations in Paragraph "42" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

43. The allegations in Paragraph "43" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

44. Defendants deny the allegations set forth in Paragraph "44" of the Complaint.

45. The allegations in Paragraph "45" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

46. The allegations in Paragraph "46" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

47. Defendants deny the allegations set forth in Paragraph "47" of the Complaint.

48. Defendants deny the allegations set forth in Paragraph "48" of the Complaint.

49. The allegations in Paragraph "49" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

50. Defendants deny the allegations set forth in Paragraph "50" of the Complaint.

51. Defendants deny the allegations set forth in Paragraph "51" of the Complaint.

52. The allegations in Paragraph "52" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

53. Defendants deny the allegations set forth in Paragraph "53" of the Complaint.

54. The allegations in Paragraph "54" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

55. Defendants deny the allegations set forth in Paragraph "55" of the Complaint.

56. The allegations in Paragraph "56" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

## SECOND CAUSE OF ACTION
### (Violations of New York State Human Rights Law)

57. Defendants repeat and reallege their responses to Paragraphs "1" through "56" of the Complaint inclusive, as if set forth fully herein in response to Paragraph "57" of Plaintiff's Complaint.

58. The allegations in Paragraph "58" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

59. The allegations in Paragraph "59" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

60. The allegations in Paragraph "60" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

61. The allegations in Paragraph "61" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

62. The allegations in Paragraph "62" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

63. The allegations in Paragraph "63" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

64. The allegations in Paragraph "64" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

65. The allegations in Paragraph "65" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent

that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

66. The allegations in Paragraph "66" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

67. The allegations in Paragraph "67" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

68. The allegations in Paragraph "68" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

## THIRD CAUSE OF ACTION
**(Violations of New York City Human Rights Law)**

69. Defendants repeat and reallege their responses to Paragraphs "1" through "68" of the Complaint inclusive, as if set forth fully herein in response to Paragraph "69" of Plaintiff's Complaint.

70. The allegations in Paragraph "70" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

71. The allegations in Paragraph "71" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

72. The allegations in Paragraph "72" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

73. The allegations in Paragraph "73" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

74. The allegations in Paragraph "74" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

75. The allegations in Paragraph "75" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

76. The allegations in Paragraph "76" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent

that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

77. The allegations in Paragraph "77" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

78. The allegations in Paragraph "78" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

79. The allegations in Paragraph "79" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

80. Defendants deny the allegations set forth in Paragraph "80" of the Complaint.

81. Defendants deny the allegations set forth in Paragraph "81" of the Complaint.

82. The allegations in Paragraph "82" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

83. The allegations in Paragraph "83" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

84. The allegations in Paragraph "84" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for its full and accurate content.

## AS TO "PRAYER FOR RELIEF"

85. To the extent not otherwise denied, Defendants deny all relief requested in the "WHEREFORE" Paragraph following Paragraph 84 of the Complaint, including subparagraphs (A) through (K) alleged therein.

## STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES

Defendants state the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff. Defendants also reserve the right to assert such additional defenses that may become applicable during the course of this litigation.

## FIRST AFFIRMATIVE DEFENSE

The Complaint as a whole and each and every purported cause of action alleged therein fails to state facts sufficient to constitute a claim against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint is barred in whole or in part to the extent Defendants relied on the directions and directives of the City of New York and/or County of New York permitting authorities regarding the accessibility of the subject premises.

**THIRD AFFIRMATIVE DEFENSE**

The Complaint is barred in whole or in part to the extent the facilities provide equivalent or greater accessibility to Plaintiff and persons with disabilities.

**FOURTH AFFIRMATIVE DEFENSE**

Defendants are not obligated to make any alterations sought by Plaintiff that would result in a fundamental alteration in the nature of Defendants' services, programs, or activities or in undue financial and administrative burdens, or would require structural changes in existing facilities where other methods are effective to achieve compliance under the Fair Housing Act and/or applicable state and local housing and/or accommodation laws.

**FIFTH AFFIRMATIVE DEFENSE**

The removal of any barriers by Defendants is excused to the extent such barrier removal is structurally infeasible and/or not readily achievable.

**SIXTH AFFIRMATIVE DEFENSE**

Any work required for accessibility is excused to the extent such work would be disproportionate in cost and scope to any alterations Defendants have undertaken.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff claims are barred by the applicable statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

Any changes Plaintiff advocates are barred to the extent they are practically difficult, pose an unnecessary hardship and/or extreme so that such changes are not required and/or are subject to exception.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent he lacks standing to pursue such claims.

**TENTH AFFIRMATIVE DEFENSE**

At all times relevant to this action, Defendants acted honestly and in good faith to ensure full compliance with the Fair Housing Act and all other applicable state and local public housing and/or accommodation laws, to the extent readily achievable and/or required by law.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by equitable principles, including but not limited to, waiver, estoppel, laches, consent, duress, the after-acquired evidence doctrine, and/or the unclean hands doctrine.

WHEREFORE, Defendants respectfully request the Court to:

1. Dismiss Plaintiff's Complaint in its entirety, with prejudice;

2. Deny each and every demand, claim, and prayer for relief contained in Plaintiff's Complaint;

3. Award Defendants the reasonable attorneys' fees and costs Defendants incur in defending this action; and

4. Grant Defendants such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
44 South Broadway, 14th Floor
White Plains, New York 10601
(914) 872-8060

By: */s/ Joseph J. DiPalma*
Joseph J. DiPalma, Esq.
Joseph.Dipalma@jacksonlewis.com
*Attorneys for Defendant*

Dated: December 16, 2024
White Plains, New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

JOHN GALE,

                        Plaintiff,

      -against-

WEST DEVELOPMENT C LLC and
HALCYON MANAGEMENT GROUP LLC,

                        Defendants.

------------------------------------------------------------------X

Civ. No.: 1:24-cv-06201-LKE

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that a true and correct copy of the foregoing Answer to Plaintiff's Complaint has been served on this 16th day of December 2024, via ECF and U.S. Mail, on counsel for Plaintiff James E. Bahamonde at the address set forth below:

James E. Bahamonde
2501 Jody Court
North Bellmore, NY 11710-1940
Tel. (646) 290-8258
James@CivilRightsNY.com

*Attorneys for Plaintiff*

                                        */s/ Joseph J. DiPalma*
                                        Joseph J. DiPalma

4903-0010-4963, v. 1